**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**INDIGO WILLIAMS,**
*on behalf of her minor child J.E.*, et al.                                                    **PLAINTIFFS**

**v.**                                                                                    **CIVIL ACTION NO: 3:17-cv-404**

**GOVERNOR PHIL BRYANT et al.**                                                **DEFENDANTS**

**STATE DEFENDANTS' MOTION TO DISMISS**

  **COME NOW** Governor Phil Bryant, in official capacity as Governor of the State of Mississippi; Speaker of the Mississippi House of Representatives Phillip Gunn, in his official capacity; Lieutenant Gov. Tate Reeves, in his official capacity; Secretary of State Delbert Hosemann, in his official capacity; State Superintendent of Education Carey Wright, in her official capacity; Chair of the Mississippi State Board of Education Rosemary Aultman, in her official capacity; Mississippi State Board of Education Member Jason Dean, in his official capacity; Mississippi State Board of Education Member Buddy Bailey, in his official capacity; Mississippi State Board of Education Member Kami Bumgarner, in her official capacity;  Mississippi State Board of Education Member Karen Elam, in her official capacity; Mississippi State Board of Education Member Johnny Franklin, in his official capacity; Mississippi State Board of Education Member Williams Harold Jones, in his official capacity; Mississippi State Board of Education Member John Kelly, in his official capacity; and Mississippi State Board of Education Member Charles McClelland, in his official capacity (collectively, "State Defendants"); and file the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and/or 12(b)(6) as follows:

1.      Through this lawsuit, the SPLC[1] attempts to repurpose a congressional act from 1870 that seated representatives from the State of Mississippi to Congress after the Civil War and after congressional reconstruction and military supervision of the former confederate states had ceased. Known as the Readmission Act, the law's sole purpose was to give Mississippi a voice at the U.S. Capitol in the wake of the tumultuous war.

2.      Now, nearly 150 years later, the SPLC seeks to refashion the Readmission Act into a contorted federal mandate that would place the State of Mississippi in a straitjacket so far as the educational provisions of the State's Constitution are concerned. The complaint asks this Court to issue a declaratory judgment that Section 201 of the Mississippi Constitution was adopted in violation of the Readmission Act; that the 1960, 1934, and 1890 versions of Section 201 were void *ab initio*; and that Article VIII, Section 1 of the Constitution of 1868 remains legally binding.

3.      For many reasons—most of which are obvious, the SPLC's lawsuit and its requested relief finds solid footing in no law. Specifically, there are at least six immediate reasons why dismissal of the instant lawsuit is required: (1) The claim is barred by the political question doctrine; (2) The Act is not privately enforceable; (3) Plaintiffs lack Article III and prudential standing; (4) The SPLC's claim collides with the Eleventh Amendment and core principles of federalism; (5) The claim runs afoul of the statute of limitations; and (6) The claim fails on the merits and is a non-starter.

4.      At the end of the day, it should go without saying that education is of the utmost importance to all of the State Defendants and this State's citizenry. And, of course, there is always room for improvement in this area in the State of Mississippi. But the tactics utilized by the SPLC in this lawsuit are not, and could not be, the answer. Indeed, it is hard to imagine a more perverse request

---

[1] The Plaintiffs are Indigo Williams, on behalf of her minor child J.E.; Dorothy Haymer, on behalf of her minor child, D.S.; Precious Hughes, on behalf on her minor child, A.H.; and Sarde Graham, on behalf of her minor child, S.T. Because the case is spearheaded by the Southern Poverty Law Center, the Plaintiffs are collectively referred to as either the "Plaintiffs" or the "SPLC."

for intervention by the federal judiciary, as the relief requested would serve to hold captive not only a sovereign state's constitution, but also profound notions of federalism. There are numerous paths for dismissal, and this Court should follow one (or all) of them.

5. In support of this Motion, the State Defendants rely on their Memorandum in Support of this Motion, and Mississippi's Readmission Act, 16 Stat. 67 (1870), also attached hereto as Exhibit "A."

This the 24th day of July, 2017.

Respectfully submitted,

By: **JIM HOOD, ATTORNEY GENERAL OF THE STATE OF MISSISSIPPI**

By: */s/ Krissy C. Nobile*
Krissy Casey Nobile, MB #103577
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
Phone: 601-359-3680
Email: knobi@ago.state.ms.us

*Counsel for State Defendants Gov. Phil Bryant, Speaker of the Mississippi House of Representatives Phillip Gunn, Lieutenant Gov. Tate Reeves, Secretary of State Delbert Hosemann, State Superintendent of Education Carey Wright, Chair of the Mississippi State Board of Education Rosemary Aultman, Mississippi State Board of Education Member Jason Dean, Mississippi State Board of Education Member Buddy Bailey, Mississippi State Board of Education Member Kami Bumgarner, Mississippi State Board of Education Member Karen Elam, Mississippi State Board of Education Member Johnny Franklin, Mississippi State Board of Education Member Williams Harold Jones, Mississippi State Board of Education Member John Kelly, and Mississippi State Board of Education Member Charles McClelland.*

## CERTIFICATE OF SERVICE

I, KRISSY C. NOBILE, hereby certify that I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the all counsel of record.

This the 24th day of July, 2017.

*/s/ Krissy C. Nobile*
KRISSY C. NOBILE