IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**INDIGO WILLIAMS,** *ET AL.*                                                                       **PLAINTIFFS**

**V.**                                                                         **CAUSE NO. 3:17-cv-404-WHB-LRA**

**PHIL BRYANT,** *ET AL.*                                                                          **DEFENDANTS**

## RESPONSE TO MOTION TO DISMISS

Despite its unusual context, this case presents a familiar claim: a request for declaratory relief to resolve a conflict between state law and federal law. When such a conflict exists, state law must yield.

This case is no different. The Readmission Act forbade Mississippi from amending its Constitution in any way that retrogressed beneath the education rights it guaranteed in 1870. Mississippi's Constitution now does the very thing that the Readmission Act precluded. Like any state law that violates federal law, the state law is null and void, and the Plaintiffs are entitled to a judgment declaring as much.

The State's arguments in favor of dismissal are unavailing.

First, the political question doctrine never applies to statutory claims like the one in this case. In any event, none of the six characteristics of a nonjusticiable political question is present in this case.

Second, the Readmission Act is privately enforceable through Section 1983. The Act contains rights-creating language. Violations of such statutes are actionable under Section 1983.

1

Third, the Plaintiffs have standing. Their Complaint pleads injuries in fact that are traceable to the State's conduct and are remediable by a judgment in their favor. These allegations satisfy the standing requirements of Article III.

Fourth, the Eleventh Amendment does not bar this suit. The Complaint seeks only prospective, declaratory relief. This request falls comfortably within the *Ex parte Young* exception to the Eleventh Amendment.

Fifth, the Complaint does not violate the statute of limitations. The Plaintiffs' injuries accrued less than three years before the Complaint's filing. Furthermore, the injuries are subject to Mississippi's minor savings statute, which tolls a statute of limitations until an injured party's twenty-first birthday.

Finally, Mississippi is violating the Readmission Act. Its Constitution's current education clause provides far fewer rights than it did when Congress passed the Readmission Act in 1870.

For these reasons and those discussed in this Response's accompanying memorandum, the State's motion to dismiss [Docket No. 23] should be denied.

RESPECTFULLY SUBMITTED this Fifteenth day of September 2017.

       /s/ *Will Bardwell*
       Will Bardwell
       Counsel for the Plaintiffs

**OF COUNSEL:**
William B. Bardwell (Miss. Bar No. 102910)
Jody E. Owens, II (Miss. Bar No. 102333)
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, Mississippi  39201
Phone:         (601) 948-8882
Facsimile:     (601) 948-8885
E-mail: will.bardwell@splcenter.org
E-mail: jody.owens@splcenter.org

Rita L. Bender (*pro hac vice*)
William J. Bender (*pro hac vice*)
Skellenger Bender, P.S.
Rainier Tower
1301 Fifth Avenue, Suite 3401
Seattle, Washington  98101
Telephone:	(206) 623-6501
Facsimile:	(206) 447-1973
E-mail: wbender@skellengerbender.com
E-mail: rbender@skellengerbender.com

Anton Metlitsky (*pro hac vice*)
Brad Elias (*pro hac vice*)
O'Melveny & Myers LLP
Times Square Tower, 33rd Floor
7 Times Square
New York, New York  10036
Telephone:	(212) 326-2000
Facsimile:	(212) 326-2061
E-mail: ametlitsky@omm.com
E-mail: belias@omm.com

. . .

## CERTIFICATE OF SERVICE

I, Will Bardwell, hereby certify that, simultaneous with this Response's filing, I have served true and correct copies of the same on all counsel of record via the Court's electronic filing system.

SO CERTIFIED this Fifteenth day of September 2017.

　/s/ *Will Bardwell*　
Will Bardwell
Counsel for the Plaintiffs