```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

**INDIGO WILLIAMS, on Behalf of her**
**Minor Child J.E.; ET AL.**                              **PLAINTIFFS**


**VS.**                              **CIVIL ACTION NO. 3:17-cv-404-WHB-LRA**


**PHIL BRYANT, in his Official Capacity as**
**Governor of Mississippi, ET AL.**                       **DEFENDANTS**


## OPINION AND ORDER

This cause is before the Court on the Motion of Defendants to Dismiss. Having considered the pleadings, the Court finds the Motion is well taken and should be granted.

### I. Factual Background and Procedural History

On January 9, 1861, Mississippi became the second state to secede from the Union. In February of that same year, the Confederate States of America was formed, and Mississippi was among the states in the Confederacy. The Confederate States of America were defeated by Union troops during the Civil War, which ended in 1865. In January of 1868, Mississippi assembled a constitutional convention for the purpose of drafting a state constitution. The Mississippi Constitution was adopted on May 15, 1868, and was ratified on December 1, 1869. Relevant to this case, the Mississippi Constitution that was adopted in 1868 contained the following education clause:

> As the stability of a republic form of government depends mainly upon the intelligence and virtue of the people, it shall be the duty of the Legislature to encourage, by all suitable means, the promotion of intellectual, scientific, moral, and agricultural improvement, by establishing a uniform system of free public schools, by taxation or otherwise, for all children between the ages of five and twenty-one years, and shall, as soon as practicable, establish schools of a higher grade.

MISS. CONST. of 1868, art. VIII § 1.

On February 23, 1870, the United States Congress passed the Mississippi Readmission Act, the purpose of which was "to admit the State of Mississippi to Representation in the Congress of the United States." 16 Stat. 67 (1870). The Act provides, in relevant part:

> WHEREAS the people of Mississippi have framed and adopted a constitution of State government which is republican; and whereas the legislature of Mississippi elected under said constitution has ratified the fourteenth and fifteenth amendments to the Constitution of the United States; and whereas the performance of these several acts in good faith is a condition precedent to the representation of the State in Congress: therefore,
>
> Be it enacted ... That the said State of Mississippi is entitled to representation in the Congress of the United States ...
>
>    ...
>
> [T]he State of Mississippi is admitted to representation in Congress as one of the States of the Union upon the following fundamental conditions:
>
> First, That the constitution of Mississippi shall never be so amended or changed as to deprive any citizen or class of citizens of the United States of the right to vote who are entitled to vote by the constitution herein recognized ...
>
> Second, That it shall never be lawful for the said State

> to deprive any citizen of the United States, on account of his race, color, or previous condition of servitude, of the right to hold office under the Constitution and laws of said State...
>
> Third, That the constitution of Mississippi shall never be so amended or changed as to deprive any citizen or class of citizens of the United States the school rights and privileges secured by the Constitution of said State.

Id.  Following its ratification in 1868, the education clause of the Mississippi Constitution was amended in 1890, 1934, 1960, and most recently in 1987.  In its current form, the education clause provides:

> The Legislature shall, by general law, provide for the establishment, maintenance and support of free public schools upon such conditions and limitations as the Legislature may prescribe.

In May of 2017, Indigo Williams, Dorothy Haymer, Precious Hughes, and Sarde Graham (collectively, "Plaintiffs"), who identify themselves as being low-income African-American women with school-aged children in various public elementary schools in Mississippi, filed suit in this Court on behalf of their children against several Mississippi officials including Governor Phil Bryant, Speaker of the Mississippi House of Representatives Philip Gunn, Lieutenant Governor Tate Reeves, State Superintendent of Education Carey Wright, and the individual members of the Mississippi State Board of Education.  In their Complaint, Plaintiffs allege that the prior amendments to the education clause of the Mississippi Constitution, which have removed the requirement that the State establish "a uniform system of free public schools", have resulted

3

in a grave disparity in the education being provided to students who attend either predominantly White or predominantly Black schools around the state.  Plaintiffs further allege that their children, who attend predominantly Black schools, are being substantially harmed by the educational opportunities, or lack thereof, that have resulted because of the non-uniform school system that exists in the state.  Through their Complaint, Plaintiffs seek a declaratory judgment that the amendments made to the education clause in the Mississippi Constitution following its ratification in 1868 violate the "Readmission Act's fundamental condition that Mississippi's Constitution never be amended or changed [so] as to deprive any citizen or class of citizens of the United States of the school rights and privileges" secured thereunder.  Specifically, Plaintiff claim:

> [T]hat they are entitled to a declaratory judgment that Section 201 of the Mississippi Constitution [i.e. the education clause] is in violation of the Readmission Act; that the 1960, 1934, and 1890 versions of Section 201 were void *ab initio*; and that the guarantees of Article VIII, Section 1 of the Constitution of 1868 remain legally binding on the Defendants.

Defendants have moved for the dismissal of Plaintiffs' Complaint on several grounds including (1) the Political Question Doctrine; (2) the Mississippi Readmission Act does not provide a private right of action; (3) Plaintiffs lack standing; (4) Eleventh Amendment immunity; and (5) expiration of the statute of limitations.  The Court now considers the Motion to Dismiss.

**II.   Discussion**

Defendants move for the dismissal of this action on several grounds, including Eleventh Amendment Immunity.  The Eleventh Amendment of the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  The United States Supreme Court has interpreted this Amendment to prohibit "suits brought in federal courts by [an unconsenting State's] own citizens as well as by citizens of another state." Edelman v. Jordan, 415 U.S. 651, 663 (1974)c (citations omitted).  The principles of state sovereign immunity likewise "generally preclude[] actions against state officers in their official capacities," McCarthy ex rel. Travis v. Hawkins, 381 F.3d 407, 412 (5th Cir. 2004), because such suits are considered suits against the state. See Hafer v. Melo, 502 U.S. 21, 25 (1991)("Suits against state officials in their official capacity ... should be treated as suits against the State."); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Anderson v. Abbott, 83 F. App'x 594, 594 (5th Cir. 2003)(finding that just as in cases in which "'the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.'")(quoting Pennhurst State Sch. & Hosp. v.

5

Halderman, 465 U.S. 89, 100 (1984)).  Soveriegn immunity, however, does not bar actions seeking prospective injunctive relief against state officials to address ongoing violations of federal law or the Constitution.  See Ex parte Young, 209 U.S. 123 (1908).  For the Ex parte Young doctrine to apply, the plaintiff must allege an ongoing violation of Constitution or federal law, and must seek relief that is properly characterized as prospective in nature.

The applicably of sovereign immunity to claims predicated on the Mississippi Readmission Act and the Mississippi Constitution was considered by United States District Judge Henry T. Wingate in the case of A-1 by D-2 v. Molpus, 906 F. Supp. 375 (S.D. Miss. 1995).  As in the present case, the plaintiffs in A-1 argued that Mississippi had violated an act of Congress, specifically the Mississippi Readmission Act, by amending the education clause in the Mississippi Constitution of 1868.  Specifically, the plaintiffs in A-1 argued:

> [T]he Mississippi Constitution of 1868–1869 obliged the State to maintain a uniform system of free public education for all children between the ages of five (5) and twenty-one (21) through college level, and to instruct the children in various courses of instruction including mathematics, languages, and the processes of the democratic government...  All of this, say plaintiffs, was abrogated unlawfully by Mississippi's adoption of a new Constitution in 1890 which deviated from the Constitution of 1868–69 and violated the Congressional Act of 1870.

Id. at 377.  On review, Judge Wingate found that the plaintiffs' claims were barred by Eleventh Amendment immunity, which precludes

6

lawsuits in federal court against state officials if "'the state is the real substantial party in interest'" to the lawsuit. Id. at 378 (quoting Pennhurst, 465 U.S. at 100)(quoting Ford Motor Co. v. Department of Treasury of Indiana, 323 U.S. 459, 464 (1945)). Although the defendants in A-1 were all state government officials who had been sued in their official capacities, Judge Wingate held that the Mississippi Readmission Act-related claims had been alleged, and sought relief, only against the state.

The Court finds the same analysis applies here. As explained by the Supreme Court in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984):

> When the suit is brought only against state officials, a question arises as to whether that suit is a suit against the State itself. Although prior decisions of this Court have not been entirely consistent on this issue, certain principles are well established. The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest." Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945). See, e.g., In re Ayers, 123 U.S. 443, 487–492, (1887); Louisiana v. Jumel, 107 U.S. 711, 720–723 (1882). Thus, "[t]he general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." Hawaii v. Gordon, 373 U.S. 57, 58 (1963). And, as when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief. See Cory v. White, 457 U.S. 85, 91 (1982).

Pennhurst, 465 U.S. at 101-02.

Here, although Plaintiffs have only sued state officials in their official capacities, the relief they seek in this case, i.e.

7

a declaration that certain amendments to the Mississippi Constitution are void *ab initio,* and that Section 1 of Article VIII of the Mississippi Constitution of 1868 is once more the law of this land, would result in the issuing of an order that would, and could, operate only against the State of Mississippi.

In addition, the Ex parte Young doctrine is not applicable in this case. First, Plaintiffs have not requested any injunctive relief, i.e. any order requiring that the named defendants take, or cease taking, some type of action. Instead, Plaintiffs only request a declaration from this Court that the amendments to the Mississippi Constitution are void. Second, the relief requested by Plaintiffs does not seek to dictate future conduct on the part of any of the named Mississippi officials but, instead, only seeks to rectify prior violations of the Mississippi Readmission Act by the State of Mississippi itself.

As the Court finds that the claim for declaratory relief alleged by Plaintiffs in this case would only operate against the State of Mississippi, and as Mississippi is immune from suit under the Eleventh Amendment of the United States Constitution, the Court finds this case must be dismissed for this reason.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendant to

8

Dismiss [Docket No. 23] is hereby granted.  A Final Judgment Dismissing this case shall be entered this day.

SO ORDERED this the 28th day of March, 2018.

s/ William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE