IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

INDIGO WILLIAMS, *ET AL.*                                    PLAINTIFFS

V.                                            CAUSE NO. 3:17-cv-404-WHB-LRA

PHIL BRYANT, *ET AL.*                                        DEFENDANTS

---

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER OR
AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR LEAVE TO
FILE AN AMENDED COMPLAINT**

---

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, the Plaintiffs move
the Court to alter, amend, or vacate its Final Judgment [Docket No. 32] because it
suffers from two clear errors of law. First, the Plaintiffs' claims are not barred by the
Eleventh Amendment. Second, even if the Eleventh Amendment applied, dismissal
should have been without prejudice. Accordingly, the Plaintiffs move the Court to vacate
the Final Judgment and deny the State Defendants' Motion to Dismiss [Docket No. 23].
Alternatively, the Plaintiffs move the Court to alter the portion of the Final Judgment
dismissing the Complaint with prejudice and grant the Plaintiffs leave to file an
amended complaint that cures any pleading defects.

### 1. The Complaint's Claim Falls Within the Eleventh Amendment's *Ex parte Young* Exception.

Under Rule 59, a court will alter or amend its judgment when presented with "the
need to correct a clear error of law or prevent manifest injustice."[1] The Final Judgment

---

[1] *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

commits clear error by failing to apply the Eleventh Amendment's *Ex parte Young*[2] exception to the Plaintiffs' request for prospective declaratory relief.

Under *Ex parte Young*, the Eleventh Amendment is inapplicable where the "relief sought" is "declaratory or injunctive in nature and prospective in effect."[3] The Plaintiffs sought precisely that type of relief in their Complaint: [1] a declaration that Section 201 of the Mississippi Constitution currently violates the Readmission Act and [2] that the Defendants are currently obligated (and are obligated going forward) to provide, *inter alia*, a uniform system of public schools as required by federal law.[4]

In its Opinion and Order, this Court concluded that the Plaintiffs' claims were barred by the Eleventh Amendment for two reasons: "First, Plaintiffs have not requested any injunctive relief," and "[s]econd, the relief requested by Plaintiffs does not seek to dictate future conduct" (*i.e.*, the relief is retrospective, not prospective).[5] Respectfully, both of these conclusions are manifest errors of law.[6]

First, *Ex parte Young* applies to all requests for equitable relief – including declarations, not just injunctions. Accordingly, the Supreme Court and the Fifth Circuit

---

[2] *Ex parte Young*, 209 U.S. 123 (1908).

[3] *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

[4] *See, e.g.*, Complaint [Docket No. 1] at ¶2.1 ("This case seeks to bring the State of Mississippi into compliance with its federal obligation under the Readmission Act to protect the 'school rights and privileges' of its children."); ¶2.15 ("[T]his lawsuit requests a declaration . . . that the requirements of Article VIII, Section 1 of the 1868 Constitution remain legally binding and in full force and effect today."); ¶7.1(a) (requesting "[a] declaratory judgment finding . . . that the requirements of Article VIII, Section 1 of the Constitution of 1868 remain legally binding on the Defendants, their employees, their agents, and their successors[.]").

[5] Opinion and Order [Docket No. 31] at 8.

[6] *See, e.g.*, *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 856 (5th Cir. 2003) (Rule 59(e) should be used to correct a "manifest error of law").

routinely hold that suits seeking declaratory relief are entitled to go forward, provided the declaration would operate prospectively.[7]

Second, the relief sought by the Plaintiffs is prospective. Although the Complaint references the fact that Mississippi has, in one way or another, been violating the Readmission Act for nearly 130 years, the Complaint does not seek a remedy for those historical violations.[8] As in many legal complaints, the Plaintiffs included historical information — not to petition the Court to correct those historical wrongs, but to provide context for ongoing violations of federal law.[9] The Plaintiffs merely seek a declaration that the current version of the Mississippi Constitution violates federal law, and thus State officials must comply with the Readmission Act going forward. That relief is prospective, not retrospective.

The suit is entitled to proceed under *Ex parte Young*. The conclusion to the contrary was clear error.

---

[7] *See, e.g., Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 646 (2002) (concluding "prayer for declaratory relief" satisfied *Ex parte Young*); *Davis v. Tarrant Cty.*, 565 F.3d 214, 228 (5th Cir. 2009) ("Davis's claim for prospective declaratory relief against the defendant judges in their official capacities is not barred by the Eleventh Amendment."); *Aguilar*, 160 F.3d at 1054 ("To meet the *Ex Parte Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory *or* injunctive in nature and prospective in effect.") (emphasis added).

[8] To the extent the Court reads the Complaint also to seek retrospective relief, that request "should not result in dismissal of the entire case," but rather only dismissal of the offending remedy. Charles A. Wright, et al., 13 *Federal Practice & Procedure* § 3524.3 (3d. ed. 2017). *See also Papasan v. Allain*, 478 U.S. 265, 282 (1986) (holding that *Ex parte Young* applied to violation of federal law beginning decades prior to litigation).

[9] *NiGen Biotech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015); *see also, e.g., Papasan*, 478 U.S. at 278 ("[R]elief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment . . . ."); *Green v. Mansour*, 474 U.S. 64, 68 (1985) ("Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law.").

**2. Alternatively, the Court Should Alter the Dismissal to a Dismissal Without Prejudice and Should Grant Leave to Amend the Complaint.**

> **a. Even if the Eleventh Amendment Applied, Dismissal Should Have Been Without Prejudice.**

Alternatively, and at a minimum, the Court should alter the portion of its Final Judgment dismissing the Plaintiffs' claim with prejudice. Dismissals under the Eleventh Amendment are dismissals for lack of jurisdiction. Therefore, any such dismissal does not reach a case's merits and must be without prejudice.[10]

The Court's dismissal of the Complaint with prejudice was clear error. Therefore, even if the Court believes its dismissal under the Eleventh Amendment was proper, the Court should alter the Final Judgment so that the dismissal is without prejudice.

> **b. The Court Should Also Alter Its Final Judgment to Grant Leave to Amend.**

After altering the Final Judgment to a dismissal without prejudice, the Court should alter its dismissal to grant leave to amend the Complaint, so that the Plaintiffs can clarify that they seek prospective declaratory relief only.[11]

If the Court believes the Complaint contains a pleading defect but agrees it should have dismissed without prejudice, then the Court's review of this motion is governed by the lenient standards of Rule 15(a)(2).[12] As the Fifth Circuit has explained, that rule "evinces a bias in favor of granting leave to amend," providing that leave to

---

[10] *Warnock v. Pecos Cty., Texas*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity can be dismissed only under Rule 12(b)(1) and not with prejudice."). *See also Correa v. City of Bay City*, 981 F. Supp. 477, 479 (S.D. Tex. 1997) ("The Fifth Circuit has held that the proper remedy for actions barred by the Eleventh Amendment is dismissal of the case, without prejudice, for lack of subject matter jurisdiction.") (citing *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986)).

[11] A copy of the Proposed First Amended Complaint is attached as Exhibit A to the Motion supported by this Memorandum.

[12] *Rosenzweig*, 332 F.3d at 864.

amend "should freely" be granted "when justice so requires."[13] In fact, the Fifth Circuit holds that the "liberal" policies underlying Rule 15(a) create a "presumption in favor of granting parties leave to amend."[14] The Fifth Circuit has thus observed that "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case" with prejudice,[15] especially where (as here, should the Court continue to hold that the pleading was defective) the Plaintiffs "might [be] able by appropriate amendments[ ] to cure the jurisdictional defects."[16]

Rule 15(a)(2) is more than satisfied here. This is not a case of "repeated failure to cure pleading deficiencies by amendments previously allowed."[17] The Plaintiffs have not previously sought leave to amend and have diligently filed this motion.[18] The Plaintiffs' proposed amendments are also modest: they would not in any way change the nature of the case or the Defendants' anticipated defenses, but rather would clarify the allegations to assure the Court that the Plaintiffs seek only prospective relief, as permitted by *Ex parte Young*.[19] Given that this case is still at its earliest stages, the Defendants would

---

[13] *Martin's Herend Imports, Inc. v. Diamond & Gem Trading USA Co.*, 195 F.3d 765, 771 (5th Cir. 1999) (quotations omitted).

[14] *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981) (only after long delay that prejudices the court or opposing party does "the burden of persuasion shift[] to the movant").

[15] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[16] *Hitt v. City of Pasadena*, 561 F.2d 606, 609 (5th Cir. 1977).

[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962) (outlining factors to consider in determining whether to grant leave to amend under Rule 15(a)(2) and holding that plaintiff should be permitted to amend to assert an entirely different theory after the district court ordered dismissal).

[18] *Id.* (courts should consider whether there has been "undue delay").

[19] *Dussouy*, 660 F.2d at 598 (noting that in *Foman* "[t]he Supreme Court required that the amendment be permitted even though it changed the theory of the case").

suffer no prejudice if the Plaintiffs are granted leave to amend.[20] By contrast, the Plaintiffs would be severely prejudiced if leave to amend is not granted.[21]

Finally, amendment would not be futile.[22] A review of the Plaintiffs' Proposed First Amended Complaint shows that the relief requested is not barred by the Eleventh Amendment. Plaintiffs have stricken all references to past violations of the Readmission Act to focus the Proposed First Amended Complaint on the Defendants' current, ongoing violation of the Readmission Act. It leaves no room for doubt that the Plaintiffs' case satisfies the *Ex parte Young* exception to the Eleventh Amendment.[23]

### 4. Conclusion.

The Final Judgment reflects two clear errors of law that warrant Rule 59 relief. Because the Complaint's claim satisfies the Eleventh Amendment's *Ex parte Young* exception, the Final Judgment should be vacated, and the State Defendants' Motion to Dismiss should be denied.

Alternatively, and at a minimum, the Final Judgment's dismissal with prejudice should be altered to a dismissal without prejudice because Eleventh Amendment dismissals are without prejudice.

And finally, if the Court believes that the Complaint pled a claim for retrospective relief in violation of the Eleventh Amendment, but nevertheless acknowledges that its

[20] *Foman*, 371 U.S. at 182 (courts should consider any "undue prejudice to the opposing party by virtue of allowance of the amendment"); *see also Dussuoy*, 660 F.2d at 598 n.2 (noting the burden is more likely to shift to the movant where the trial court has disposed of the case after discovery, i.e., on "summary judgment or judgment after a full trial").

[21] *Dussouy*, 660 F.2d at 598 ("A court may weigh in the movant's favor any prejudice that will arise from denial of leave to amend.).

[22] *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (despite Rule 15's lenient standard, "a district court need not grant a futile motion to amend").

[23] The Proposed First Amended Complaint also substitutes Sean Suggs as a Defendant in place of William Harold Jones. Mr. Suggs is a newly confirmed member of the State Board of Education.

dismissal should have been without prejudice, then it should alter its Final Judgment to allow the Plaintiffs to amend their Complaint and clarify the pleading defect.

RESPECTFULLY SUBMITTED this Eleventh day of April 2018.

 /s/ *Will Bardwell*
Will Bardwell
Counsel for the Plaintiffs

**OF COUNSEL:**
William B. Bardwell (Miss. Bar No. 102910)
Christine Bischoff (Miss. Bar No. 105457)
Jody E. Owens, II (Miss. Bar No. 102333)
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, Mississippi  39201
Phone:          (601) 948-8882
Facsimile:     (601) 948-8885
E-mail:          will.bardwell@splcenter.org
E-mail:          christine.bischoff@splcenter.org
E-mail:          jody.owens@splcenter.org

Rita L. Bender (*pro hac vice*)
William J. Bender (*pro hac vice*)
Skellenger Bender, P.S.
Rainier Tower
1301 Fifth Avenue, Suite 3401
Seattle, Washington  98101
Telephone:   (206) 623-6501
Facsimile:     (206) 447-1973
E-mail:          wbender@skellengerbender.com
E-mail:          rbender@skellengerbender.com

Anton Metlitsky (*pro hac vice*)
Brad Elias (*pro hac vice*)
O'Melveny & Myers LLP
Times Square Tower, 33rd Floor
7 Times Square
New York, New York 10036
Telephone:   (212) 326-2000
Facsimile:     (212) 326-2061
E-mail:          ametlitsky@omm.com
E-mail:          belias@omm.com

. . .

## **CERTIFICATE OF SERVICE**

I, Will Bardwell, hereby certify that, simultaneous with this Memorandum's filing, I have served true and correct copies of the same on all counsel of record via the Court's electronic filing system.

SO CERTIFIED this Eleventh day of April 2018.


 /s/ *Will Bardwell*
Will Bardwell
Counsel for the Plaintiffs