**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**INDIGO WILLIAMS**, *on behalf of her minor child J.E.*, et al.                    **PLAINTIFFS**

**v.**                                                                 **CIVIL ACTION NO: 3:17-cv-404**

**GOVERNOR PHIL BRYANT et al.**                                          **DEFENDANTS**

**RESPONSE IN OPPOSITION TO MOTION TO ALTER OR AMEND THE JUDGMENT
OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE AN AMENDED COMPLAINT**

### INTRODUCTION

As noted in the State Defendants' original motion to dismiss, the claims in this lawsuit centered on an attempt to turn the clock back on the State of Mississippi's Constitution and return the State to the Constitution of 1868. To accomplish such a perverse endeavor, Plaintiffs attempted to repurpose a congressional act from 1870 that seated representatives from the State of Mississippi to Congress after the Civil War and after congressional reconstruction and military supervision of the former confederate states had ceased.

Known as the Readmission Act, the law's purpose was to give Mississippi a voice at the U.S. Capitol in the wake of the tumultuous war.  But, through this lawsuit, Plaintiffs sought to refashion that Act into a contorted federal mandate that would place the State of Mississippi in a straitjacket so far as the educational provisions of the State's Constitution are concerned. Because such an attempt was (and is) a non-starter, the State Defendants moved to dismiss the suit for the following reasons: (1) The claim is barred by the political question doctrine; (2) The Readmission Act is not privately enforceable; (3) Plaintiffs lack Article III and prudential standing; (4) The claim collides with the Eleventh Amendment and core principles of federalism; (5) The claim runs afoul of the statute of limitations; and (6) The claim otherwise fails on the merits. *See Dkt. Nos. [23, 24, 30]*.

On March 28, 2018, this Court granted the State Defendants' motion to dismiss on Eleventh Amendment grounds. *See Order and Final Judgment, Dkt. Nos. [31, 32].* Plaintiffs now have filed a motion under Federal Rule 59(e) to alter the Court's judgment or, in the alternative, for leave to file an amended complaint. In that motion, Plaintiffs first double down and contend that this Court simply got it wrong in dismissing their suit. *See Dkt. No [35], at p. 3* ("The suit is entitled to proceed under *Ex parte Young*."). Plaintiffs, however, are incorrect. Rule 59(e) is not a mechanism to rehash rejected arguments and legal theories, and the Court otherwise properly analyzed the Eleventh Amendment and the narrow *Ex Parte Young* exception in its Opinion and Order.

The second contention in Plaintiffs' Rule 59(e) motion is that they should be granted leave to amend their complaint because, when a case is dismissed on Eleventh Amendment grounds, a dismissal "without prejudice" is appropriate. *See Dkt. No. [35], at p. 4-5.* But irrespective of the nomenclature used in this Court's dismissal order—*e.g*., "with prejudice" or "without prejudice," Plaintiffs' motion for leave to amend the complaint still should be denied. This is so because the claims in Plaintiffs' proposed amended complaint are barred and/or fail to state a claim just like the previous claims. Because of this, the motion to amend should be denied on the basis that the amendment would be futile. *See, e.g., Dear v. Jackson State Univ.*, No. CIVA 307CV407-WHBLRA, 2008 WL 4225766, at *3 (S.D. Miss. Sept. 10, 2008) ("Under controlling precedent, a court may deny a motion to amend on the basis that the amendment would be futile.").

Thus, for the reasons previously submitted for dismissal, and below, the Court correctly dismissed Plaintiffs' original complaint. And leave to file the proposed amended complaint should be denied.[1] Accordingly, all of Plaintiffs' claims, and those they propose to pursue, should be rejected.

---

[1] As discussed *infra*, the proposed amended complaint reasserts Plaintiffs' prior claims against the State Defendants. Because of this, the State Defendants incorporate herein the facts and analysis in their motion to dismiss and supporting memoranda. *See Dkt. Nos. [23, 24, 30]*. For all of the reasons stated in the motion to

**REBUTTAL ARGUMENT**

**I.  Plaintiffs have not satisfied Federal Rule 59, and this Court did not err in dismissing Plaintiffs' complaint.**

A Rule 59 motion is the proper vehicle by which a party can "correct manifest errors of law or fact" or "present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). However, a party should not attempt to use a Rule 59 motion for the purpose of "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. U.S.*, 81 F.2d 1154, 1159 (5th Cir. 1990)); *Liberty Mut. Fire Ins. Co. v. Fowlkes Plumbing, LLC*, No. 1:17-CV-010-GHD-DAS, 2018 WL 1630944, at *1 (N.D. Miss. Apr. 4, 2018). In other words, these types of motions should not be used to "rehash rejected arguments[.]" *Brown v. Illinois Cent. R. Co.,* No. 3:09-CV-296-WHB-LRA, 2015 WL 2227809, at *1 (S.D. Miss. May 12, 2015); *LeClerc v. Webb,* 419 F.3d 405, 412 n. 13 (5th Cir. 2005).

No matter: The Rule 59 motion here consists mainly of a rehashing of rightfully rejected legal theories on why the Eleventh Amendment is not a bar to Plaintiffs' attempt to turn the clock back by 150 years on the State's Constitution. Indeed, Plaintiffs' primary argument is that this Court "commit[ted] clear error by failing to apply the Eleventh Amendment's *Ex parte Young* exception to the Plaintiffs' request for prospective declaratory relief." *Pl. Mem. at 2*.  But this Court did not fail to apply *Ex Parte Young*—the Plaintiffs' requested relief failed to satisfy that narrow exception to the Eleventh Amendment.

While Plaintiffs now allege that they purported to seek "prospective" declaratory relief in their original complaint,

---

dismiss, the Plaintiffs' proposed amended complaint fails, and the motion for leave to amend should be denied as futile.

> [*Ex parte*] *Young* has been focused on cases in which a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past, as well as on cases in which the relief against the state official directly ends the violation of federal law as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or directly to meet third-party interests such as compensation. As we have noted: "Remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment."

*Papasan v. Allain,* 478 U.S. 265, 277-78 (1986); *see also Green v. Mansour*, 474 U.S. 64, 73 (1985); *Black Farmers & Agriculturists Ass'n, Inc. v. Hood*, No. 3:13CV763TSL-JMR, 2014 WL 935147, at *5 (S.D. Miss. Mar. 10, 2014), *aff'd sub nom. Black Farmers & Agriculturalists Ass'n, Inc. v. Hood*, 585 F. App'x 306 (5th Cir. 2014); *Robertson v. Louisiana*, No. CV 17-00138-BAJ-EWD, 2018 WL 1077303, at *3 (M.D. La. Feb. 26, 2018); *Jones v. Tyson Foods, Inc*., 971 F. Supp. 2d 671, 681 (N.D. Miss. 2013).

Here, Plaintiffs' request for declaratory relief runs afoul of basic federalism principles by seeking relief directed at the State's past conduct in adopting a new constitution—as far back as 1890. This Court thus got it right in dismissing the claims on Eleventh Amendment grounds. The same is true for Court in *A-1 By D-2 v. Molpus*, 906 F. Supp. 375, 378 n.9 (S.D. Miss. 1995) (dismissing claims predicated on the Mississippi Readmission Act and the Mississippi Constitution and finding that the *Ex Parte Young* exception did not apply).

All told, then, the reasoning provided by this Court in *Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493 (S.D. Miss. 2000) is instructive as to Plaintiffs' Rule 59 motion. There, the Court explained as follows:

> Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the three grounds for such a motion. . ."Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

*Id.* at 494 (internal citations omitted). That strong caution should have applied here—as, at bottom, Plaintiffs' Rule 59(e) motion amounts only to an attempt to get "one additional chance to sway the judge."

## II.   Plaintiffs' motion for leave to file the proposed amended complaint should be denied.

### a.   Effect of dismissals on Eleventh Amendment grounds.

Plaintiffs maintain that the Court's judgment should be altered or amended to reflect that the dismissal based on sovereign immunity was "without prejudice."  Plaintiffs are correct in that when a claim is dismissed for lack of subject matter jurisdiction on Eleventh Amendment grounds, a dismissal "without prejudice" is appropriate. *Warnock v. Pecos County, Texas*, 88 F.3d 341, 343 (5th Cir. 1996).

However, regardless of the nomenclature used, the dismissal's effect is "with prejudice" with respect to its conclusiveness on the issue of the federal courts' power to act on a claim. *Rowe v. Texas Rehabilitation*, 37 F.3d 633, 1994 WL 558920, at *1 (5th Cir. 1994); *Voison's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986). In other words, the effect is that if Plaintiffs ever attempt to re-file the claims in their complaint against the State Defendants in federal court—whether the final judgment says the claims were dismissed "with prejudice" or not—the district court's Eleventh Amendment immunity determination is binding. *See generally id.*

For instance, in *Reiter v. Tracy*, 220 F.3d 584, 2000 WL 959536 (5th Cir. 2000), the plaintiff cited to *Warnock* and asserted that the district court should be "reversed" because its dismissal based on sovereign immunity was labeled as one "with prejudice." *Id.* at *2. Nevertheless, the Fifth Circuit affirmed dismissal of the claims based on Eleventh Amendment immunity—and simply modified the judgment to provide that it was a dismissal "without prejudice." *Id.*

In the *Black Farmers & Agriculturists* litigation, the district court dismissed the suit with prejudice[2] after concluding, *inter alia*, that plaintiffs' official-capacity complaint was "barred by the Eleventh Amendment." *Black Farmers & Agriculturists Ass'n, Inc.*, No. 3:13CV763TSL-JMR, 2014 WL 935147, at *13. On appeal, the plaintiffs made an array of arguments, including one concerning the nomenclature used in the dismissal. The Fifth Circuit nonetheless affirmed for "essentially the reasons stated in [the district court's] opinion." *Black Farmers & Agriculturalists Ass'n, Inc. v. Hood*, 585 F. App'x 306, 307 (5th Cir. 2014).

Accordingly, should this Court alter or amend its judgment in any respect for purposes of the Eleventh Amendment, the dismissal at most should simply be modified to read "without prejudice."

### b. Even with a dismissal without prejudice, Plaintiffs' motion to amend should be denied as futile.

Federal Rule of Civil Procedure 15 "has no application . . . once the district court has dismissed the complaint and entered final judgment for the defendant." *Lee v. Alachua Cnty.*, 461 F. App'x 859, 860 (11th Cir. 2012) (per curiam) (quoting *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1344-45 (11th Cir. 2010)). Instead, plaintiffs may seek leave to amend post-judgment only if they are first granted relief under Federal Rule of Civil Procedure 59(e) or Rule 60(b)(6). *See id.*; *Vielma v. Eureka Co.*, 218 F.3d 458, 468 (5th Cir. 2000) ("Post-judgment amendment to a complaint can only occur once the judgment itself is vacated under [Federal Rules] 59 or 60."); *Pharr v. Conley*, No. 5:16-CV-449-MTT-CHW, 2017 WL 1658833, at *1 (M.D. Ga. Apr. 28, 2017). Thus, the Court must grant relief under Rule 59 before addressing Plaintiffs' motion to amend under Federal Rule 15.

However, even should the Court modify its judgment so that the dismissal on Eleventh Amendment grounds instructs that it is "without prejudice," Plaintiffs' motion to amend the complaint still should be denied. First, a dismissal without prejudice is not simply an "invitation to amend."

---

[2] *See* 3:13-CV-763 TSL-JMR, Dkt. No. [19].

*Mirpuri v. ACT Mfg., Inc.,* 212 F.3d 624, 628 (1st Cir. 2000) (noting that the "the phrase 'without prejudice,' when attached to a dismissal order, is not to be read as an invitation to amend"). Moreover, "[w]hen a party seeks to amend his complaint after entry of judgment, the Fifth Circuit has consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling." *Evans v. Santos*, No. 4:15-CV-72-DMB-JMV, 2018 WL 280534, at *1 (N.D. Miss. Jan. 3, 2018) (internal quotations omitted); *Parker v. Fisk*, 487 F. App'x 148, 150 (5th Cir. 2012).

Second, leave to amend also may be denied when amendment would be futile. *Black Farmers & Agriculturists*, No. 3:13CV763TSL-JMR, 2014 WL 935147, at *6, *aff'd sub nom. Black Farmers & Agriculturalists Ass'n, Inc. v. Hood*, 585 F. App'x 306 (5th Cir. 2014). An amendment is futile if the amended complaint is subject to dismissal. *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir.2000); *Faryniarz v. Ramirez*, 62 F. Supp. 3d 240, 249–50 (D. Conn. 2014) ("For example, a proposed amendment would be futile if it destroyed the Court's subject matter jurisdiction, failed to state a claim, or asserted claims which are time-barred by the relevant statutes of limitation.").

According to Plaintiffs, they should be granted leave to file an amended complaint that cures the "pleading defects" in their original complaint. *See Pl. Resp. at 1*. Plaintiffs maintain that leave to amend is warranted because the amendments are "modest" and "would not in any way change the nature of the case." *Id. at 5*. On this latter point, Plaintiffs are correct—the proposed amendments are indeed so "modest" that they do nothing to overcome any of the defenses raised in the State Defendants' motion to dismiss.

Starting first with the Eleventh Amendment, Plaintiffs' proposed amended complaint adds no new factual allegations or causes of action against any of the State Defendants. Instead, the primary changes in the complaint consist of Plaintiffs mechanically inserting the words "prospective" or

"ongoing" before discussing the requested relief—which is otherwise the same relief sought in their original complaint. *See, e.g., Pl. Proposed Am. Compl. at ¶ 1.1* (changing phrasing from "[t]his lawsuit seeks a declaration" to "[t]his lawsuit seeks a prospective declaration"); *¶ 1.2* (changing phrasing from "[a]s a result" to "[a]s a result of state officials' ongoing violations"); *¶ 1.11* (changing phrasing from "[t]his lawsuit seeks redress" to "[t]his lawsuit seeks prospective redress"); *¶ 2.15* (changing phrasing from "this lawsuit requests a declaration" to "this lawsuit requests a prospective declaration"); *¶ 7.1(a)* (changing phrasing from "Plaintiffs request. . .[a] a declaratory judgment" to "Plaintiffs request . . .[a] prospective declaratory judgment").

These allegations, though, are entirely conclusory. And, contrary to Plaintiffs' position, they do not correct the defects in the original complaint as to the Eleventh Amendment. *E.g.*, *Black Farmers & Agriculturists Ass'n,* 2014 WL 935147, at *6 (noting that "although plaintiffs now label defendants' challenged actions as "ongoing" and "continuing," they have not identified, in fact, an ongoing constitutional violation by Attorney General Hood. Plaintiffs' allegations remain insufficient to place their claims within the *Ex parte Young* exception so as to avoid the bar of Eleventh Amendment immunity on their official capacity claim against Hood").

Nevertheless, even assuming *arguendo* that Plaintiffs' amendments have some traction as to the Eleventh Amendment, the proposed amended complaint is still futile based on the additional defenses raised by the State Defendants in their motion to dismiss. *See Pl. Mem. at 5* (noting that the amendments "would not in any way change the nature of the case of Defendants' anticipated defenses. . . ."). Indeed, the first set of defenses raised by the State Defendants did not end with the Eleventh Amendment. As this Court recognized in its dismissal order,

> Defendants have moved for the dismissal of Plaintiffs' Complaint on several grounds including (1) the Political Question Doctrine; (2) the Mississippi Readmission Act does not provide a private right of action; (3) Plaintiffs lack standing; (4) Eleventh Amendment immunity; and (5) expiration of the statute of limitations.

*See Order, at 4, Dkt. No. [31].*

In the motion to amend, Plaintiffs contend that the proposed amended complaint "would not be futile" because it purportedly "shows that the relief requested is not barred by the Eleventh Amendment." *See Pl. Mem. at 6*. But the proposed amended complaint is futile because it is subject to dismissal under any and all of the defenses raised in the motion to dismiss.[3] And although this Court dismissed the complaint based solely on the Eleventh Amendment—which is jurisdictional and of course sufficient to dismiss the entire claim—the suit also could have been dismissed based on: (i) the political question doctrine; (ii) that the Readmission Act does not provide a private right of action; (iii) the Plaintiffs lack of standing; (iv) an expiration of the statute of limitations; and (v) failure to otherwise state a claim. *See Dkt. Nos. [23, 24, 30]*. While the State Defendants will not repeat all of the legal arguments urged in the opening and reply dismissal memoranda, those arguments are incorporated herein by reference and re-urged at this time.

Bearing these defenses in mind, Plaintiffs' motion to amend should be denied as futile. *See, e.g., Dear*, 2008 WL 4225766, at *3. Along the same lines, though, should the Court grant any relief pursuant to Rule 59(e) based on the nomenclature used in the final judgment, the Court could also address the additional defenses raised by the State Defendants and dismiss the case on those additional and alternative grounds as well. And, at that point, the dismissal would indeed be one "with prejudice."

---

[3] Plaintiffs' motion to amend centers only on the Eleventh Amendment, and it does not address any of the additional defenses raised by the State Defendants in the motion to dismiss. Thus, Plaintiffs should not be able to raise any new arguments addressing those other defenses, such as whether the Readmission Act provides a private right of action, for the first time in a reply brief. *See, e.g., Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (citations omitted) ("It is the practice of ... the district courts to refuse to consider arguments raised for the first time in reply briefs."); *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009) (noting that such a practice extends to "[a]rguments not properly presented in a party's initial brief"); *Broughton v. HPA Subway, Inc.*, No. CIV.A. 11–0036–WS–N, 2011 WL 1321728, at *1 n.1 (S.D. Ala. Apr. 5, 2011).

Plus, since it is probable that this case will be pursued on appeal, an analysis of the additional grounds for dismissal—at least under a futility inquiry—may prove beneficial to an appellate court. Either way, though, it is beyond cavil that Plaintiffs' proposed amended complaint does not cure any legal defects, and it otherwise does nothing to overcome the defenses raised by the State Defendants. Plaintiffs' motion to amend, therefore, should be denied.

## CONCLUSION

To conclude, this Court correctly dismissed Plaintiffs' complaint in its March 28, 2018 Opinion and Order. But should the Court modify its judgment to read that the dismissal is "without prejudice" based on the Eleventh Amendment, Plaintiffs' motion to amend the complaint still should be denied. This is so because the proposed amendment would be futile based on all of the defenses raised by the State Defendants in their original motion to dismiss.

THIS, the 25th day of April, 2018.

Respectfully submitted,

By:  **JIM HOOD, ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI**

By:  */s/Krissy C. Nobile*
Krissy Casey Nobile, MB #103577
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
Post Office Box 220
Jackson, MS 39205
Phone: 601-359-3680
Email: knobi@ago.state.ms.us

*Counsel for State Defendants Gov. Phil Bryant, Speaker of
the Mississippi House of Representatives Phillip Gunn,
Lieutenant Gov. Tate Reeves, Secretary of State Delbert
Hosemann, State Superintendent of Education Carey Wright,
Chair of the Mississippi State Board of Education Rosemary
Aultman, Mississippi State Board of Education Member
Jason Dean, Mississippi State Board of Education Member
Buddy Bailey, Mississippi State Board of Education Member
Kami Bumgarner, Mississippi State Board of Education
Member Karen Elam, Mississippi State Board of Education
Member Johnny Franklin, Mississippi State Board of
Education Member Williams Harold Jones, Mississippi State
Board of Education Member John Kelly, and Mississippi
State Board of Education Member Charles McClelland.*

**CERTIFICATE OF SERVICE**

I, KRISSY C. NOBILE, hereby certify that I electronically filed the above and foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the all counsel of record.

This the 25th day of April, 2018.

/s/ Krissy C. Nobile
KRISSY C. NOBILE