**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**INDIGO WILLIAMS, *ET AL.***                                                        **PLAINTIFFS**

**V.**                                                  **CAUSE NO. 3:17-cv-404-WHB-LRA**

**PHIL BRYANT, *ET AL.***                                                   **DEFENDANTS**

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ALTER
OR AMEND THE JUDGMENT OR, IN THE ALTERNATIVE,
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

The Plaintiffs' Motion to Alter or Amend the Judgment [Docket No. 34] ("Motion") should be granted for two reasons.

First, the State's defense of its Eleventh Amendment argument rests on an incorrect understanding of *Ex parte Young*. The State argues that the Complaint's requested relief is retrospective (and, therefore, that the exception to immunity that flows from *Ex parte Young* does not apply) because it seeks relief from an ongoing violation of federal law that began in the past. But *Ex parte Young* does not turn on whether the State's violation of federal law began in the past. Instead, it turns on (1) whether the violation of federal law is ongoing, and (2) whether the requested relief would end the violation. The Complaint satisfies both requirements.

Second, the State concedes that any dismissal under the Eleventh Amendment should have been without prejudice. Therefore, at a minimum, the Court's judgment should be amended to correct this clear error of law.

**I.**     **Whether Relief From an Ongoing Violation of Federal Law Is "Prospective" or "Retrospective" Does Not Turn on Whether the Violation Began in the Past.**

The State's opposition to the Motion rests on a fundamental misunderstanding of

1

the nature of "prospective" relief. The State acknowledges that the Eleventh Amendment's *Ex parte Young* exception allows suits to proceed when "a violation of federal law by a state official is ongoing as opposed to cases in which federal law has been violated at one time or over a period of time in the past . . . ." Response in Opposition to Motion to Alter or Amend the Judgment or, in the Alternative, for Leave to File an Amended Complaint [Docket No. 36] at 4 (quoting *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986)) ("State's Response"). But the State argues that neither the original Complaint nor the proposed Amended Complaint meets this requirement. In the State's view, both the original Complaint and the proposed Amended Complaint fail because they "seek[ ] relief directed at the State's past conduct in adopting a new constitution – as far back as 1890." State's Response at 4.

The State is wrong for two reasons. First, the State misapprehends the relevant legal standard. Second, the original Complaint requested only prospective relief as required by that standard. *Ex parte Young* does not turn on whether the alleged violation of federal law began in the past. It turns on whether the alleged violation of federal law is still occurring, and whether the requested relief would end the violation.

*Papasan v. Allain*, which the State cites, is instructive. In *Papasan*, the plaintiffs sought relief from an Equal Protection Clause violation that began decades before they filed suit. *Papasan*, 478 U.S. at 268-73. The *Papasan* plaintiffs did not seek damages for this violation; they simply asked that the defendants be ordered to end the violation. *Id.* at 282. The Supreme Court held that this request for forward-looking relief from an ongoing violation of federal law "is precisely the type of continuing violation for which a remedy may permissibly be fashioned under *Young*," *id.*, because the requested relief "would ensure 'compliance *in the future* with a substantive federal-question

2

determination' rather than bestow an award for accrued monetary liability." *Id.* (emphasis in original) (quoting *Milliken v. Bradley*, 433 U.S. 267, 289 (1977)).

The original Complaint satisfies *Ex parte Young* for the same reason. Although it explained the historical roots of the State's ongoing violation of the Readmission Act, it requested the same relief that the Supreme Court permitted in *Papasan*: an order that the State end an ongoing violation of federal law. *See* Complaint [Docket No. 1] at 40 (praying for "[a] declaratory judgment finding that Section 201 of the Mississippi Constitution violates the Readmission Act . . . and that the requirements of Article VIII, Section 1 of the Constitution of 1868 remain legally binding on the Defendants, their employees, their agents, and their successors"). "[R]elief that serves directly to bring an end to a present violation of federal law is not barred by the Eleventh Amendment." *Papasan*, 478 U.S. at 278.

The original Complaint sought such prospective relief and therefore is entitled to proceed under the Eleventh Amendment's *Ex parte Young* exception. The decision to the contrary was clear error.

## II. The State Concedes That Dismissal Under the Eleventh Amendment Should Have Been Without Prejudice.

The State acknowledges that dismissals under the Eleventh Amendment must be without prejudice. State's Response at 5 ("Plaintiffs are correct in that when a claim is dismissed for lack of subject matter jurisdiction on Eleventh Amendment grounds, a dismissal 'without prejudice' is appropriate."). Nevertheless, it argues that, even if the Final Judgment is amended to a dismissal without prejudice, this Court should still deny leave to file an amended complaint. The State is wrong for two reasons.

First, amendment would not be futile. Even if the original Complaint invited

3

Eleventh Amendment concerns, the proposed Amended Complaint leaves no room for doubt that *Ex parte Young* applies. *See* Exhibit A [Docket No. 34-1] to Motion to Alter or Amend the Judgment or, in the Alternative, for Leave to File an Amended Complaint (Proposed First Amended Complaint). The proposed Amended Complaint seeks "[a] *prospective* declaratory judgment finding that Section 201 of the Mississippi Constitution *is violating* the Readmission Act[,] and that the requirements of Article VIII, Section 1 of the Constitution of 1868 remain legally binding on the Defendants, their employees, their agents, and their successors[.]" Proposed First Amended Complaint at 38 (emphases added). If the Court had any concerns that the original Complaint's request for relief implied a backward-looking remedy, then the proposed Amended Complaint's request for "[a] *prospective* declaratory judgment" should eliminate those concerns.[1]

Second, if the Final Judgment is amended to a dismissal without prejudice, then the Plaintiffs have two options: they will either (with the Court's permission) file the proposed Amended Complaint addressing the Court's Eleventh Amendment concerns, or they will file a new action in the same form as the proposed Amended Complaint. "The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (Scalia, J.). Judicial economy would be served better by granting leave to file the proposed Amended

---

[1] As a related matter, the State separately invites the Court to reopen its consideration not only of the Eleventh Amendment issue, but also every single argument that the State raised in its Motion to Dismiss. State's Response at 8. This request exceeds the scope of the Plaintiffs' Rule 59 motion. The Court ruled on the Eleventh Amendment only, and accordingly, the Plaintiffs moved for reconsideration of that ruling. If the Court issues further rulings, then the Plaintiffs will follow accordingly. But the Plaintiffs cannot react to rulings that have not been made. The State's effort to do so is untimely.

4

Complaint. *See Jackson v. Teamsters Local Union 922*, 991 F. Supp. 2d 64, 70 (D.D.C. 2013) (granting leave to file amended complaint where, even if dismissal were warranted, "Plaintiffs' Complaint would be dismissed without prejudice, which means they would simply have to refile their Complaint") (citation omitted).

All parties agree that Eleventh Amendment dismissals should be without prejudice. After the Final Judgment is altered accordingly, the Court should grant leave to file the proposed Amended Complaint to cure any Eleventh Amendment concerns.

### III.   Conclusion.

The Final Judgment should be vacated, and the State Defendants' Motion to Dismiss should be denied. At a minimum, the Final Judgment's dismissal with prejudice should be altered to a dismissal without prejudice. Once dismissal is altered to a dismissal without prejudice, the Plaintiffs should be granted leave to file the proposed Amended Complaint so that they do not have to file it as an original action.

RESPECTFULLY SUBMITTED this Third day of May 2018.

/s/ *Will Bardwell*
Will Bardwell
Counsel for the Plaintiffs

**OF COUNSEL:**
William B. Bardwell (Miss. Bar No. 102910)
Christine Bischoff (Miss. Bar No. 105457)
Jody E. Owens, II (Miss. Bar No. 102333)
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, Mississippi  39201
Phone:         (601) 948-8882
Facsimile:    (601) 948-8885
E-mail:         will.bardwell@splcenter.org
E-mail:         christine.bischoff@splcenter.org
E-mail:          jody.owens@splcenter.org

Rita L. Bender (*pro hac vice*)
William J. Bender (*pro hac vice*)
Skellenger Bender, P.S.
Rainier Tower
1301 Fifth Avenue, Suite 3401
Seattle, Washington  98101
Telephone:   (206) 623-6501
Facsimile:    (206) 447-1973
E-mail:         wbender@skellengerbender.com
E-mail:         rbender@skellengerbender.com

Anton Metlitsky (*pro hac vice*)
Brad Elias (*pro hac vice*)
O'Melveny & Myers LLP
Times Square Tower, 33rd Floor
7 Times Square
New York, New York 10036
Telephone:   (212) 326-2000
Facsimile:    (212) 326-2061
E-mail:         ametlitsky@omm.com
E-mail:         belias@omm.com

. . .

## **CERTIFICATE OF SERVICE**

I, Will Bardwell, hereby certify that, simultaneous with this Reply's filing, I have served true and correct copies of the same on all counsel of record via the Court's electronic filing system.

SO CERTIFIED this Third day of May 2018.

    /s/ *Will Bardwell*
Will Bardwell
Counsel for the Plaintiffs