IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

INDIGO WILLIAMS, on Behalf of her
Minor Child J.E.; ET AL.                                    **PLAINTIFFS**

VS.                              CIVIL ACTION NO. 3:17-cv-404-WHB-LRA

PHIL BRYANT, in his Official Capacity as
Governor of Mississippi, ET AL.                            **DEFENDANTS**

<u>OPINION AND ORDER</u>

This cause is before the Court on Plaintiffs' Motion to Alter or Amend Judgment or, in the alternative for Leave to File an Amended Complaint.  Having considered the pleadings, the underlying Opinion and Order, as well as supporting and opposing authorities, the Court finds:

The Motion to Alter or Amend Judgment is well taken and should be granted only to the extent it requests that the dismissal of this case be made without prejudice.

The Motion for Leave to Amend Complaint is not well taken and should be denied on the grounds that the claims alleged in Plaintiffs' proposed Amended Complaint would be subject to dismissal on the same grounds as the claims alleged in their original complaint, i.e. on the basis of Eleventh Amendment immunity.

## I.  Discussion

Plaintiffs, who are low-income African-American women with school-aged children in various public elementary schools in

Mississippi, filed suit in this Court on behalf of their children alleging that amendments made to the education clause of the Mississippi Constitution after its ratification following the Civil War, had resulted in a grave disparity in the education being provided to students who attend either predominantly White or predominantly Black schools around the state.   Through their Complaint, Plaintiffs sought a declaratory judgment that the amendments made to the education clause violated the Mississippi Readmission Act that Congress passed in 1870 for the purpose of admitting "the State of Mississippi to Representation in the Congress of the United States."  Specifically, Plaintiffs requested a judicial declaration that "Section 201 of the Mississippi Constitution [i.e. the education clause] is in violation of the Readmission Act; that the 1960, 1934, and 1890 versions of Section 201 were void *ab initio*; and that the guarantees of Article VIII, Section 1 of the [Mississippi] Constitution of 1868 remain legally binding on the Defendants."

The matter came before the Court on a Motion to Dismiss.  On review, the Court found that granting declaratory relief on Plaintiffs' claims, although they were alleged only against state officials in their official capacities, "would result in the issuing of an order that would, and could, operate only against the State of Mississippi."  Opinion and Order [Docket No. 31], 7. Because the Court found that the State of Mississippi was the real,

substantial party in interest with respect to Plaintiffs' claims, it additionally found that the claims were barred by Eleventh Amendment immunity. Id. (relying on Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), a case in which the United States Supreme Court held that the "Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'"). Thereafter, the Court entered a Final Judgment by which the case was dismissed with prejudice.

Plaintiffs have now moved to have the judgment in this case altered or amended under Rule 59(e) of the Federal Rules of Civil Procedure. Under this Rule, a final judgment may be altered or amended in cases in which: (1) there is a need to correct a manifest error of law or fact; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the order in question; or (3) an intervening change in controlling law occurred. See Schiller v. Physicians Res. Group, Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations omitted). Plaintiffs do not argue that they uncovered new evidence or that there has been an intervening change in controlling law. Accordingly, the Court only considers whether there exists a manifest error of law or fact that needs correction.

In their Motion, Plaintiffs argue that the Court erred in finding that Eleventh Amendment immunity barred their claim for declaratory relief because the relief they requested was prospective in nature, i.e. they sought to remedy an on-going

violation of the Mississippi Readmission Act of 1870. The declaratory relief requested by Plaintiffs, however, also requested that the Court (1) void amendments made by Mississippi to its Constitution in 1890, 1934, 1960, and 1987, and (2) declare that the education provision contained in the Mississippi Constitution when it was ratified in 1868 was still the law of this land to which the Mississippi governor (and each of his successors) and other elected officials (and each of their successors) were still bound. Based on the changes sought to be made to the Mississippi Constitution, the Court finds that it did not err in concluding either that the State of Mississippi was the real, and substantial party in interest in this case, or that Plaintiffs' claims were, therefore, barred by Eleventh Amendment immunity under <u>Pennhurst</u>.[1] Accordingly, the Court finds no basis for altering or amending the opinion by which this case was dismissed.

---

[1] Plaintiffs argue that the declaratory relief they seek is proper under <u>Ex parte Young</u> because they seek relief from the on-going violation of the Mississippi Readmission Act that occurred when amendments were made to the education clause of the Mississippi Constitution in 1890, 1934, 1960, and 1987. Plaintiffs further argue that the violation of the Readmission Act would cease if the defendants were ordered to hereafter abide by the education clause as it existed in 1868, i.e. before the state constitution was amended.

Merely requiring the named defendants to abide by the 1868 version of the education clause, however, would not end the alleged violation of the Readmission Act (which, again, allegedly resulted because the state constitution was amended) because the amendments to the constitution would still remain in place, and would control the actions of, and the decisions made by, any elected or public official who is not named as a defendant in this case.

4

Next, Plaintiffs argue that the Court erred in entering a Final Judgment dismissing this case with prejudice.  The Court agrees.  See e.g. Warlock v. Pecos Cnty., Tex., 88 F.3d 341, 343 (5th Cir. 1996)(explaining that when a case is dismissed on the grounds of Eleventh Amendment immunity, the dismissal should be made without prejudice).  Accordingly, the Court will grant the Motion to Alter or Amend to the extent that an Amended Final Judgment will be entered dismissing the case without prejudice.

Finally, Plaintiffs have moved for leave to amend their complaint to cure the pleading defects that they believe resulted in the dismissal of this case.  The proposed cures include insertion of the word "prospective" to modify the type of declaratory judgment they seek, and the withdrawal of their request that the amendments made to the education clause of the Mississippi Constitution be declared void *ab initio*.  The Court finds the proposed amendments would not negate the application of Eleventh Amendment immunity because the requested declaratory judgment would still result in changes being made to the Mississippi Constitution and, therefore, Mississippi would be a real, and substantial party in interest the case.  Accordingly, the Motion to Amend the Complaint will be denied on the grounds of futility.

## II.  Conclusion

For the foregoing reasons:

5

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Alter or Amend Judgment [Docket No. 34] is hereby granted in part, and denied in part.

To the extent the Motion seeks to alter the merits-based ruling of the Court, the Motion is denied.

To the extent the Motion seeks to alter the Final Judgment to provide that the dismissal of this case is without prejudice, the Motion is granted.

IT IS FURTHER ORDERED that the Final Judgment previously entered in this case, [Docket No. 32] is hereby vacated.  An Amended Final Judgment dismissing this case without prejudice shall be entered this day.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Leave to File an Amended Complaint is hereby denied.

SO ORDERED this the 4th day of January, 2019.


                              s/ William H. Barbour, Jr.
                              UNITED STATES DISTRICT JUDGE


6