

Fighting Hate
Teaching Tolerance
Seeking Justice

Southern Poverty Law Center
111 East Capitol Street, Suite 280
Jackson, MS 39201
T 601.948.8882   F 601.948.8885
www.splcenter.org

Chief Judge Daniel P. Jordan III
United States District Court for the Southern District of Mississippi
501 E. Court Street, Suite 5.750
Jackson, Mississippi  39201

**Delivery via e-mail only:** jordan_chambers@mssd.uscourts.gov

January 11, 2021

Dear Judge Jordan:

I am plaintiffs' counsel in the matter styled *Williams v. Reeves*, No. 3:17-cv-404-WHB-LRA. I write to you in your administrative capacity as Chief Judge.

We filed *Williams* in May 2017 and were assigned to Judge Barbour. A Final Judgment issued on March 28, 2018. We appealed, and the Fifth Circuit Court of Appeals reversed and remanded. The mandate on that decision issued on January 6, 2021.

Since that time, we have learned the sad news of Judge Barbour's passing. This leaves our case without a presiding judge. I have reviewed Internal Rule 1 for guidance, and none of its provisions seem to be on point. The closest controlling provision that I can find is Provision VI, which applies to Reversals and Remands. It provides: "If any case is subsequently reversed or remanded, the Clerk of the Court will assign such case to the same district judge who previously tried or handled the case and who will have the sole responsibility for the case's final disposition, unless that district judge agrees to the assignment of the case to another district judge."

I am unaware of whether the Court has a policy in place for cases assigned to Judge Barbour and later remanded. But if not, we ask you to reassign the case to a new district judge.

Regrettably, this case has languished since its filing. Briefing closed on the defendants' Motion to Dismiss in October 2017, but no decision issued for more than five months. We sought an order to alter or amend the Court's judgment, but that request went unruled upon for another eight months. And after a three-judge panel of the Fifth Circuit reversed, the defendants sought rehearing *en banc* and a stay of the mandate — which extended the case's visit to the Fifth Circuit by an additional seven months. That means nearly four years have gone by since this

case's filing, and only one Rule 12(b)(6) issue has been disposed of. Suffice it to say that we are eager to move this case along.

Thank you for your help with this unusual procedural dilemma.

Sincerely,

/s/ *Will Bardwell*

Will Bardwell
Counsel for the Plaintiffs

Cc:     Krissy Nobile, Office of the Attorney General