IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

INDIGO WILLIAMS et al.                                                                          PLAINTIFFS

v.                                                        CIVIL ACTION NO. 3:17-cv-404-HTW-LGI

TATE REEVES, in his official capacity et al.                                          DEFENDANTS

### MOTION FOR STATUS CONFERENCE AND SCHEDULING ORDER

COME NOW Tate Reeves, in his official capacity as Governor of the State of Mississippi; Philip Gunn, in his official capacity as Speaker of the Mississippi House of Representatives; Delbert Hosemann, in his official capacity as Lieutenant Governor of the State of Mississippi; Michael Watson, in his official capacity as Secretary of State of Mississippi; Carey Wright, in her official capacity as State Superintendent of Education and Executive Secretary of the Mississippi State Board of Education; and Rosemary Aultman, Jason Dean, Karen Elam, Angela Bass, Ronnie McGehee, and Glen East, in their official capacities as members of the Mississippi State Board of Education (collectively, the State),[1] and request that the Court hold a status conference and enter a scheduling order to govern the filing of Plaintiffs' amended complaint and the State's responsive pleading(s) to that complaint.

1.       This lawsuit concerns a congressional act from 1870 that re-seated representatives from the State of Mississippi to Congress after the Civil War and

---

[1] Under Federal Rule of Civil Procedure 25(d), a public officer's successor is automatically substituted as a party.

after military supervision of the former confederate states had ceased. Known as the Readmission Act, the law provided Mississippi a voice at the U.S. Capitol after the war. *See* Act of February 23, 1870, ch. XIX, 16 Stat. 67. Like Mississippi, several states have Readmission Acts—with Virginia and Texas having virtually identical ones. Additionally, Arkansas, North Carolina, South Carolina, Alabama, Louisiana, and Florida have Acts—and Georgia has two. While the wording varies, the Acts are similarly titled: "An Act to admit the State of _____ to Representation in Congress."

2.   In May 2017, four parents ("Plaintiffs") sued an array of state officials, claiming that prior amendments to Mississippi's Constitution violated the Readmission Act's alleged requirement that the State must abide by the 1868 State Constitution. [Doc. 1]. The State filed an early motion to dismiss on several grounds—including (i) sovereign immunity; (ii) that the Readmission Acts create no private right of action; (iii) political question; and (iv) standing. [Doc. 23, 24].

3.   The district court (Barbour, J.) dismissed Plaintiffs' suit in its entirety on Eleventh Amendment grounds. [Doc. 31, 32]. Thereafter, Plaintiffs filed a motion for leave to file an amended complaint. [Doc. 34]. On January 4, 2019, the district court denied Plaintiffs' motion to amend because the amendment would be futile. [Doc. 39, 40]. The district court then entered a final judgment and dismissed the case. [Doc. 39, 40].

4.   Plaintiffs appealed to the Fifth Circuit and reiterated their two-fold request for declaratory relief: (i) that state officials remain obligated to comply with the 1868 State Constitution, and (ii) that the current version of Article 8, Section 201

of the State's Constitution violates the Readmission Act's congressional condition concerning school rights and privileges secured by the Constitution of Mississippi. A panel of the Fifth Circuit dismissed the first portion of Plaintiffs' request for relief as barred by the Eleventh Amendment. But the panel allowed the second request for relief to proceed. *See* Fifth Circuit Panel Order, Exhibit "A."

5. The State petitioned for rehearing en banc. Seven months later, the en banc Fifth Circuit denied the State's petition. Eight judges voted for rehearing and nine voted against, and Judge Jones authored an eight-judge dissent. *See* Fifth Circuit En Banc Order, Exhibit "B."

6. The State moved to stay the Fifth Circuit's mandate pending the filing and disposition of a petition for writ of certiorari. The Fifth Circuit panel denied the motion to stay and issued the mandate on the same date. *See* FED. R. APP. P. 27(c); 5TH CIR. R. 27.2. Thereafter, the State filed an application to recall and stay the mandate with the U.S. Supreme Court. [Doc. 53]. On April 8, 2021, the Supreme Court denied the State's application without prejudice. [Doc. 55]. This litigation thus is now back before this Court.

7. On April 19, 2021, Plaintiffs e-mailed a letter to this Court asking the Court to "rule on the remaining issues in the Defendants' Motion to Dismiss, which already have been fully briefed." *See* SPLC Letter, Exhibit "C." The Court should deny the request set forth in Plaintiffs' e-mailed letter. The letter requests action that the Court cannot properly grant without further proceedings. As explained below, the Court instead should hold a status conference and issue a scheduling order governing

the filing of Plaintiffs' amended complaint and the State's responsive pleading(s) to that complaint.

8. Plaintiffs' e-mailed letter both ignores the status of this litigation as well as the discussions between the parties prior to the submission of the letter. To start, Plaintiffs have not even filed an amended and operative complaint. Plaintiffs previously filed a motion to amend to their complaint, but the district court *denied* the motion on futility grounds after determining that all requests for relief violate the Eleventh Amendment. [Doc. 34, 39, 40]. The Fifth Circuit also agreed with the district court's determination that portions of Plaintiffs' requested relief, even as requested in the proposed amended complaint, is violative of the Eleventh Amendment. Thus, step one is for Plaintiffs' to amend their complaint, so that there is an operative and current complaint on file in the district court.

9. As to the prior discussions between the parties, undersigned counsel for the State telephonically discussed with counsel for Plaintiffs the need to file an amended complaint on April 13, 2021. During that discussion, Plaintiffs informed undersigned counsel of yet additional reasons for the need to file an amended complaint, including that the lead Plaintiff, Indigo Williams, is no longer a resident of the State of Mississippi. Also during the April 13 telephonic discussion, Plaintiffs expressed their desire for the parties to submit only a short supplement to the Court after an amended complaint is filed—in lieu of the State submitting a responsive pleading as allowed and required by the Federal and Local Rules.

10. Undersigned counsel e-mailed Plaintiffs on April 16, 2021, informing Plaintiffs that the State "agree[d] [with Plaintiffs] that the next step to moving forward in the district court is for plaintiffs to file an amended complaint." *See* April 16, 2021 E-mail, Exhibit "D." However, the State (of course) disagreed with any proposal that would bar the State from filing a responsive pleading to a yet-to-be-filed amended complaint. *See id.*[2]

11. Likewise, Plaintiffs' proposal in their April 19, 2021 e-mailed letter to the Court is misguided for a host of additional reasons. Beyond the absence of a filed operative amended complaint, the prior dismissal filings are at this time dated. Before any further dismissal ruling is made, the Court should obtain ordinary-course motion-to-dismiss briefing on the operative amended complaint. The original motion to dismiss in this litigation was filed nearly four years ago. Since that time, the named Plaintiffs have changed; the named Defendants have changed; and the District Court and Magistrate Judges assigned to this case have changed. The State also has yet to see an updated, filed version of any purported amended complaint, and portions of Plaintiffs' prior request for relief is barred by the Eleventh Amendment, under the Fifth Circuit's decision in this case. Further, since the State first filed its motion to dismiss, Fifth Circuit law has developed, including recent and favorable precedent to the State from the en banc Fifth Circuit relevant to the State's argument that Plaintiffs do not have a private right of action. And as the State has maintained all

---

[2] Local Rule 7(b)(10) has been satisfied, and the State understands the Plaintiffs to oppose this motion.

along, the State has additional defenses other than those originally asserted in the motion to dismiss filed prior to answering Plaintiffs' original complaint.

12. For these reasons, and to facilitate moving this case forward in the district court, the State respectfully requests that the Court hold a status conference and issue a scheduling order governing the filing of Plaintiffs' amended complaint and the State's responsive pleading(s) to that complaint.

13. Given the nature of this motion, the State requests that the page length and separate supporting memorandum requirements of Local Rules 7(b)(2)(B) and (4) be waived.

Dated: April 22, 2021

Respectfully submitted,

LYNN FITCH
Attorney General of Mississippi

BY: /s/ *Krissy C. Nobile*
Krissy C. Nobile, MSB # 103577
  *Deputy Solicitor General*
Douglas T. Miracle, MSB # 9648
  *Assistant Attorney General*
Rex M. Shannon III, MSB # 102974
  *Special Assistant Attorney General*
STATE OF MISSISSIPPI
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 220
Jackson, Mississippi 39205-002
(601) 359-3680
krissy.nobile@ago.ms.gov
doug.miracle@ago.ms.gov
rex.shannon@ago.ms.gov

*Counsel for the State Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this day I, Krissy C. Nobile, electronically filed the foregoing document with the Clerk of the Court using the ECF system, which sent notice to all counsel of record.

Dated: April 22, 2021

/s/ *Krissy C. Nobile*
Krissy C. Nobile