

Fighting Hate
Teaching Tolerance
Seeking Justice

Southern Poverty Law Center
111 East Capitol Street, Suite 280
Jackson, MS 39201
T 601.948.8882  F 601.948.8885
www.splcenter.org

Judge Henry T. Wingate
United States District Court for the Southern District of Mississippi
501 E. Court Street, Suite 6.750
Jackson, Mississippi 39201

***Delivery via e-mail only:*** wingate_chambers@mssd.uscourts.gov

April 19, 2021

Dear Judge Wingate,

We represent the Plaintiffs in *Indigo Williams v. Tate Reeves*, No. 3:17-cv-404. We are writing to respectfully request that the Court rule on those portions of the Defendants' pending motion to dismiss that were not addressed in Judge Barbour's opinion dated March 28, 2018, and thus were not part of Plaintiffs' successful appeal.

This case was filed in May 2017. The Defendants responded with a Motion to Dismiss, in which they argued for dismissal on several bases. *See* Dkt. 23. On March 28, 2018, Judge Barbour granted that motion solely on the basis that the Plaintiffs' Complaint violated the Eleventh Amendment. *See* Dkt. 31. The Plaintiffs sought leave to file an Amended Complaint; urging the same grounds as in their motion to dismiss, the Defendants argued that amendment was futile. Judge Barbour denied as futile the Plaintiffs' motion to amend on sovereign immunity grounds. *See* Dkt. 39. Again, Judge Barbour did not resolve the Defendants' other outstanding arguments for dismissal.

The Plaintiffs appealed, and on April 2, 2020, a three-judge panel of the Fifth Circuit unanimously vacated in part and affirmed in part, and ordered that the case be remanded. *Williams v. Reeves*, 954 F.3d 729 (5th Cir. 2020). The Defendants sought rehearing *en banc*, which the Fifth Circuit denied. The Defendants then sought stays of the Fifth Circuit's mandate, first from the Fifth Circuit itself and then from the Supreme Court. On April 8, 2021, the Supreme Court denied that request without prejudice, and instructed that "the remaining grounds for dismissal currently on remand to the district court [should be] fully resolved." *Reeves v. Williams*, --- S. Ct. ----, 2021 WL 1306942, at *1 (U.S. Apr. 8, 2021) (Mem.).

Accordingly, now that the appeal has been completed and the case remanded, the Plaintiffs respectfully request that the Court rule on the remaining issues in the Defendants' Motion to Dismiss, which already have been fully briefed. This case is now nearly four years old, and only *one* of the Defendants' Rule 12(b)(6)

1



issues has been resolved. As the Court knows, the Rules of Civil Procedure governing these proceedings "should be construed, administered, and employed by the [C]ourt and the parties to secure the just, *speedy*, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). Now that Judge Barbour's Order of dismissal has been vacated, the remainder of the Motion to Dismiss is again ripe for resolution. The Court should proceed with that task.

If the Court desires supplemental briefing on any point, then the Plaintiffs will be happy to submit it. But there is no need to re-brief any of the issues. The Supreme Court has instructed that "the remaining grounds for dismissal" should be "fully resolved," and we are eager for that to happen.

Thank you for your attention to this important matter.

    Sincerely,

    /s/ *Will Bardwell*

    Will Bardwell
    Counsel for the Plaintiffs

Cc:    Krissy Nobile, Office of the Attorney General

2