IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**INDIGO WILLIAMS,** *et al.* **PLAINTIFFS**

**V.** **CAUSE NO. 3:17-CV-00404-HTW-LGI**

**TATE REEVES,** *et al.* **DEFENDANTS**

**PLAINTIFFS' RESPONSE TO
MOTION FOR STATUS CONFERENCE AND SCHEDULING ORDER**

A status conference is unnecessary. The Plaintiffs clearly do not need to file an amended complaint, and the relief the Defendants seek – a briefing schedule that allows them to address case law developments — can be addressed by inviting both sides to submit short, supplemental briefs.

The Defendants offers two reasons to support its demand that the Plaintiffs file a new complaint. Neither holds water.

First, the Defendants claim that this case lacks an operative complaint. That is plainly incorrect: the operative pleading is the original Complaint [Dkt. 1]. That Complaint was dismissed by the district court's Amended Final Judgment dated Jan. 4, 2019 [Dkt. 40], but the Fifth Circuit vacated that judgment.[1] *Williams v. Reeves*, 954 F.3d 729 (5th Cir. 2020). That vacated judgment is now a nullity, as if it never happened. *See United States v. Munsingwear, Inc.*, 340 U.S. 36, 40 (explaining that

---

[1] The district court's Amended Final Judgment also denied the Plaintiffs' request to file an amended complaint [Dkt. 34]. The Fifth Circuit's decision to vacate the Amended Final Judgment, technically, revives the request to file an amended complaint. However, given the substance of the Fifth Circuit's decision, the request to file an amended complaint is moot.

1

vacating a judgment "clears the path for future relitigation of the issues between the parties and eliminates a judgment").[2]

Second – perhaps out of recognition that their procedural argument is unfounded – the Defendants argue that even if the Complaint remains operative, new briefing is required because "the prior dismissal filings are at this time dated." Motion for Status Conference and Scheduling Order [Dkt. 58] at ¶11.[3] Specifically, the Defendants rely on the following developments since they filed their Motion to Dismiss:

- "[T]he named Plaintiffs have changed[.]"
- "[T]he named Defendants have changed[.]"
- "[T]he District Court and Magistrate Judges assigned to this case have changed."
- "[P]ortions of Plaintiffs' prior request for relief is [*sic*] barred by the Eleventh Amendment, under the Fifth Circuit's decision in this case."
- "[S]ince the State first filed its motion to dismiss, Fifth Circuit law has developed, including recent and favorable precedent to the State from the en banc Fifth Circuit relevant to the State's argument that Plaintiffs do not have a private right of action."

*Id.*

*None* of those reasons compels the Plaintiffs to file a new complaint:

---

[2] The Defendants' motion claims that Plaintiffs' counsel agreed that an amended complaint should be filed. Motion at ¶¶9-10. That is not true.

[3] It is ironic that, after dragging out the resolution of a single Rule 12(b)(6) issue over a four-year period – including a near-endless series of machinations designed to thwart the Fifth Circuit's decision – the State would now complain that time's passage has rendered its filings stale.

2

- The named Plaintiffs have not changed. One of the named Plaintiffs has moved out of state and will have to be dismissed. But Rule 41 allows a much more straightforward avenue for that task than the filing of a new complaint.
- The named official-capacity Defendants have indeed changed, but that is merely a result of the recent statewide election. Substituting new named Defendants changed none of the Complaint's factual allegations or legal claims.
- The District Judge and Magistrate Judge now presiding over this case are indeed new to this case. Cases are reassigned to new district judges and magistrate judges all the time. But that alone is no reason to require plaintiffs (in this case or any other) to reboot their entire case.
- The Fifth Circuit's decision in this case clearly distinguishes between which portion of the Complaint's prayer is permissible under the Eleventh Amendment and which is not. That decision is the proper guide for what relief remains available to the Plaintiffs. Demanding that the Plaintiffs draft a new complaint, with the Fifth Circuit's holding copied and pasted into it, would be a waste of everyone's time — including this Court's.

Presumably, the Defendants' reference to "recent and favorable precedent" alludes to the Fifth Circuit's decision in *Planned Parenthood v. Kauffman*, 981 F.3d 347 (5th Cir. 2020) – a decision that *confirms* the Plaintiffs' cause of action in this case. The parties both addressed that issue in their briefing under the Defendants' original Motion to Dismiss. Memorandum in Support of Motion to Dismiss [Dkt. 24] at 18; Memorandum in Support of Response to Motion to Dismiss [Dkt. 28] at 21. If further elaboration is necessary, then supplemental briefing from both sides on the order of five

3

pages is the more straightforward solution – not a full round of briefing on a new motion to dismiss, and certainly not requiring the Plaintiffs to submit a new complaint.

This case is now four years old, largely because of the State's successful attempts to drag it out as long as possible. The time for delay has ended. Henceforth, every decision about moving this case forward should turn on the duty *of all parties* "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

Regardless of whether the Court convenes a status conference, it should decide the remaining issues presented by the Motion to Dismiss through the briefing already in the record. The State's request to the contrary ignores the Supreme Court's recent directive to "fully resolve[ ]" the State's "remaining grounds for dismissal." *Reeves v. Williams*, ___ S. Ct. ___, 2021 WL 1306942 (2021). If the Court would like further briefing regarding the Plaintiffs' cause of action, then it would suffice to order that both sides submit supplemental briefs of no more than five pages on or before June 1, 2021.

Given the straightforward nature of this view, the Plaintiffs pray that the Court will waive the Local Rules' memorandum requirement.

RESPECTFULLY SUBMITTED this Thirtieth day of April 2021.

  /s/*Will Bardwell*
William B. Bardwell
Counsel for the Plaintiffs

**OF COUNSEL:**
William B. Bardwell (Miss. Bar No. 102910)
Christine C. Bischoff (Miss. Bar No. 105457)
SOUTHERN POVERTY LAW CENTER
111 E. Capitol Street, Suite 280
Jackson, Mississippi  39201
Phone: 601.948.8882

4

Fax: 601.948.8885
E-mail: will.bardwell@splcenter.org
E-mail: christine.bischoff@splcenter.org

Brad M. Elias, *Pro Hac Vice*
Anton Metlitsky, *Pro Hac Vice*
O'MELVENY & MYERS, LLP
Times Square Tower
7 Times Square
New York, New York  10036
Phone: 212.326.2291
Fax: 212.326.2061
E-mail: belias@omm.com
E-mail: ametlitsky@omm.com

Rita L. Bender, *Pro Hac Vice*
William J. Bender, *Pro Hac Vice*
SKELLENGER BENDER, P.S.
Rainier Tower
1301 Fifth Avenue, Suite 3401
Seattle, Washington  98101
Phone: 206.623.6501
Fax: 206.447.1973
E-mail: wbender@skellengerbender.com
E-mail: rbender@skellengerbender.com

. . .

## CERTIFICATE OF SERVICE

I, Will Bardwell, hereby certify that, contemporaneously with the filing of the foregoing Response, a true and correct copy was served on all counsel of record via the Court's electronic filing system.

SO CERTIFIED this Thirtieth day of April 2021.

/s/ *Will Bardwell*
William B. Bardwell