# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**INDIGO WILLIAMS, on behalf of her minor child J.E., et al.**                                    **PLAINTIFFS**

**VS.**                                                                                  **Civil Action No. 3:17-cv-00404-HTW-LGI**

**GOVERNOR TATE REEVES, et al.**                                                          **DEFENDANTS**

## REBUTTAL IN FURTHER SUPPORT OF MOTION FOR
## STATUS CONFERENCE AND SCHEDULING ORDER [DKT. #58]

Defendants Tate Reeves, in his official capacity as Governor of Mississippi, Philip Gunn, in his official capacity as Speaker of the Mississippi House of Representatives, Delbert Hosemann, in his official capacity as Lieutenant Governor of Mississippi, Michael Watson, in his official capacity as Secretary of State of Mississippi, Carey M. Wright, in her official capacity as State Superintendent of Education and Executive Secretary of the Mississippi State Board of Education, Rosemary Aultman, in her official capacity as Chair of the Mississippi State Board of Education, and the named Members, in their official capacities, of the Mississippi State Board of Education (hereinafter collectively "the State Defendants") file this their rebuttal in further support of their motion for status conference and scheduling order (Dkt. #58), and in support thereof would show unto the Court the following:

1.  The Court should hold a status conference and enter a scheduling order in this remanded proceeding because Plaintiffs abandoned their original Complaint on appeal in favor of a proposed Amended Complaint, no version of which has ever been filed for response. Pursuant to the *Federal Rules of Civil Procedure*, the State Defendants are entitled to respond in due course to an amended pleading of record. Plaintiffs fail to make any convincing argument to the contrary.

1

2. In response to the State Defendants' instant motion for status conference and scheduling order (Dkt. #58), Plaintiffs assert that the filing of an amended complaint is unnecessary because "the operative pleading is the original Complaint." Plaintiffs' Response at 1 (Dkt. #61). Plaintiffs fail to acknowledge that they jettisoned their original Complaint on appeal, instead advancing claims as framed in a proposed Amended Complaint. Moreover, Plaintiffs have already acknowledged that the next step to moving forward in the District Court is to file an amended complaint. *See* 4/16/2021 Confirmatory E-mail (Dkt. #58-4).

3. The Fifth Circuit remanded this case in reliance upon the relief requested in Plaintiffs' proposed Amended Complaint, no version of which has ever been filed of record as Plaintiffs' operative pleading. The State Defendants are entitled to an opportunity to proceed in due course pursuant to the *Federal Rules of Civil Procedure* to (1) answer an amended complaint that is consistent with the Fifth Circuit's opinion, thereupon raising any and all defenses (including those defenses not asserted in the State Defendants' pre-answer motion to dismiss Plaintiffs' original Complaint); and/or (2) pursue an appropriate motion to dismiss such an amended complaint, predicated upon current law and in accordance with an orderly briefing schedule.

4. On appeal of the District Court's *Amended Final Judgment* (Dkt. #40)—which in part denied Plaintiffs' motion for leave to amend their original Complaint—the Fifth Circuit predicated its analysis in reliance upon Plaintiffs' presentation of a proposed Amended Complaint as the embodiment of claims sought to be advanced by Plaintiffs. *See Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 734 (5th Cir. 2020). Along these lines, the Fifth Circuit noted the following:

> **On appeal, plaintiffs largely abandon the relief requested in their original complaint, relying instead on the proposed amended complaint** attached to their motion for reconsideration. **In that complaint**, plaintiffs request a "prospective declaratory judgment" that makes two distinct findings: first, "that Section 201 of the Mississippi Constitution is violating the Readmission Act,"

> and second, "that the requirements of Article VIII, Section 1 of the Constitution of 1868 remain legally binding on the Defendants, their employees, their agents, and their successors."

*Id.* (emphasis added).

> Plaintiffs initially sought a third declaration that the "1987, 1960, 1934, and 1890 versions of Section 201 were void *ab initio*." **They removed this request from their amended complaint and acknowledge on appeal that the remaining two parts of their requested declaration "would suffice for present purposes."**

*Id.* n.2. (emphasis added).

5. Having secured a measure of relief on appeal as a result of the Fifth Circuit's reliance upon a stated intent to litigate this matter consistent with a proposed Amended Complaint, Plaintiffs should be judicially estopped from now asserting—on remand in response to the State Defendants' instant motion—that "the operative pleading is the original Complaint." Plaintiffs' Response at 1 (Dkt. #61). *See, e.g., United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 766 Fed. Appx. 38, 41 (5th Cir. 2019) (reaffirming elements of judicial estoppel). Rather, given the arguments advanced by Plaintiffs on appeal and relied upon by the Fifth Circuit, and to ensure the orderly adjudication of this matter as litigation proceeds, the Court should require Plaintiffs to file an amended complaint consistent with the Fifth Circuit's opinion.

6. Plaintiffs further assert that issues implicated by the Fifth Circuit's recent en banc opinion in *Planned Parenthood of Greater Tex. Family Planning & Preventative Health Servs., Inc. v. Kauffman*, 981 F.3d 347 (5th Cir. 2020)—an intervening precedent that is favorable to the State Defendants—were adequately addressed in briefing that preceded *Kauffman* by approximately three (3) years. Plaintiffs' Response at 3 (Dkt. #61). Plaintiffs fail to explain how issues briefed years prior to *Kauffman* could possibly have been addressed in light of *Kauffman*. Given the nature of the instant proceeding, the multiplicity of the State Defendants' defenses, and

the virtual certainty that this matter will again be subject to appellate scrutiny, this Court will benefit from the orderly briefing of the issues predicated on current law as applied to the claims currently in play as a result of the Fifth Circuit's decision.

7. Plaintiffs wrongly characterize the Supreme Court's April 8, 2021, ruling on the State Defendants' application to recall and stay the Fifth Circuit's mandate as a "directive" requiring this Court to rule forthwith on the State Defendants' remaining grounds for dismissal. *See* Plaintiffs' Response at 4 (Dkt. #61).  A fair reading of the Supreme Court's ruling reveals no such "directive" at all.  The Supreme Court's ruling—in its entirety—states the following:

> The application to recall and stay the mandate of the United States Court of Appeals for the Fifth Circuit, presented to Justice Alito and by him referred to the Court, is denied without prejudice to a renewed application after the remaining grounds for dismissal currently on remand to the district court have been fully resolved.

*Reeves v. Williams*, No. 20A126, 2021 WL 1306942, at *1 (Apr. 8, 2021).  All that can be said of the above-quoted ruling is that the Supreme Court denied the State Defendants' application, but that such application may be renewed once this Court fully resolves the State Defendants' remaining grounds for dismissal.  *See id.*  The aforementioned ruling of the Supreme Court does not command this Court to do anything.

8. Finally, Plaintiffs invoke FRCP 1 and announce that "[h]enceforth, every decision about moving this case forward" should be made with a view to ensuring a "speedy" conclusion of this matter.  *See* Plaintiffs' Response at 4 (Dkt. #4).  However, FRCP 1 does not require or permit this Court to dispense with fundamental pleading requirements.  *See McLaughlin v. Copeland*, 435 F. Supp. 513, 521 (D. Md. 1977) (holding that FRCP 1 "does not require the court . . . to totally ignore fundamental pleading requirements"); *Harper v. City of Dallas, Tex.*, No. 3:14-cv-2647-M, 2017 WL 3674830, at *15 (N.D. Tex. Aug. 25, 2017) (holding that FRCP 1 "is

not a license to ignore the more specific rules' commands"). Nor does FRCP 1 countenance forsaking justice in the name of speed. *See Chesler v. Trinity Indus., Inc.*, No. 99 C 3234, 2001 WL 1593142, at *10 (N.D. Ill. Dec. 12, 2001) (holding that notwithstanding provisions of FRCP 1, "[j]ustice should not be sacrificed to achieve speed"); *Kampfer ex rel. Kampfer v. Gokey*, 159 F.R.D. 370, 373 (N.D.N.Y. 1995) (holding that notwithstanding provisions of FRCP 1, "the judge cannot forsake justice in the name of speed").

9. It is no secret that Plaintiffs' lawsuit seeks to "pave the way for federal court orders to effect a major restructuring of state school funding." *See Williams ex rel. J.E. v. Reeves*, 981 F.3d 437, 439 (5th Cir. 2020) (Jones, J., dissenting). While it remains the State Defendants' position that Plaintiffs' claims must fail, the potential ramifications of this litigation are momentous, both for the State of Mississippi and other States similarly situated. For this additional reason, this Court should reject Plaintiffs' efforts to fast-track this matter. There is simply no good reason to permit Plaintiffs to disregard fundamental pleading requirements, nor should Plaintiffs be allowed to impose arbitrary page-limit restrictions on any briefing of dispositive issues.

10. For the reasons set forth herein and in the State Defendants' instant motion (Dkt. #58), the Court should proceed to schedule a status conference and enter a scheduling order governing the course of this litigation on remand.

THIS the 3rd day of May, 2021.

           Respectfully submitted,

           GOVERNOR TATE REEVES, ET AL.,
           DEFENDANTS

           By:    LYNN FITCH, ATTORNEY GENERAL
                    STATE OF MISSISSIPPI

By: <u>s/Rex M. Shannon III</u>
REX M. SHANNON III (MSB #102974)
Special Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
CIVIL LITIGATION DIVISION
Post Office Box 220
Jackson, Mississippi  39205-0220
Tel.:  (601) 359-4184
Fax:  (601) 359-2003
rex.shannon@ago.ms.gov

ATTORNEYS FOR GOVERNOR TATE REEVES, ET AL., DEFENDANTS

## **CERTIFICATE OF SERVICE**

I, Rex M. Shannon III, Special Assistant Attorney General and one of the attorneys for Defendants Governor Tate Reeves, et al., do hereby certify that I have this date caused to be filed with the Clerk of the Court a true and correct copy of the above and foregoing via the Court's ECF System, which sent notification of such filing to all counsel of record.

THIS the 3rd day of May, 2021.

<u>s/Rex M. Shannon III</u>
REX M. SHANNON III