**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**DOROTHY HAYMER,** *et al.*                                                              **PLAINTIFFS**

**V.**                                                  **CAUSE NO. 3:17-cv-404-HTW-LGI**

**TATE REEVES,** *et al.*                                                             **DEFENDANTS**

**RESPONSE IN OPPOSITION
TO MOTION TO DISMISS**

This is a simple case, no different than the multitude of Section 1983 cases asserting violations of federal rights. It turns on the interpretation of the Readmission Act, a straightforward federal statute. Such an interpretation is an exercise that federal courts undertake every day. That statute explicitly creates federal rights, and the effort to vindicate those rights is brought on behalf of children in whom those rights are vested.

Each of the State's arguments in favor of dismissal is incorrect. First, the case is justiciable; it carries none of the characteristics of cases posing political questions. *Baker v. Carr*, 369 U.S. 186, 217 (1962). Second, the Plaintiffs have standing to bring this lawsuit on their children's behalves: their children have federal rights which the State is violating, and they are suffering injuries as a result. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Third, the Readmission Act is enforceable through Section 1983, because it creates federal rights and identifies the class of people benefitted. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 274 (2002).

The Supreme Court's decision in *Zivotofsky ex rel. Zivotofsky v. Clinton*, 566 U.S. 189 (2012), is instructive. In that case, the Supreme Court explained that courts

must not conflate a statute's enforceability with the policy decisions that guided Congress' enactment of that statute. The latter is rightly reserved to Congress; but the former – the interpretation and application of statutes – is a uniquely judicial responsibility. "This is what courts do." *Id.* at 201.

For these reasons, and those articulated in the memorandum of support filed alongside this response, the State's *Motion to Dismiss* [Docket No. 66] should be denied. RESPECTFULLY SUBMITTED this Fourteenth day of October 2021.

       /s/ *Will Bardwell*
William B. Bardwell
Counsel for the Plaintiffs

**OF COUNSEL:**
William B. Bardwell (Miss. Bar No. 102910)
Southern Poverty Law Center
111 E. Capitol Street, Suite 280
Jackson, Mississippi  39201
Telephone: (601) 948-8882
Facsimile: (601) 948-8885
E-mail: will.bardwell@splcenter.org

Rita L. Bender (*pro hac vice*)
William J. Bender (*pro hac vice*)
Skellenger Bender, P.S.
Rainier Tower
1301 Fifth Avenue, Suite 3401
Seattle, Washington  98101
Telephone: (206) 623-6501
Facsimile: (206) 447-1973
E-mail: rbender@skellengerbender.com
E-mail: wbender@skellengerbender.com

Anton Metlitsky (*pro hac vice*)
O'Melveny & Myers LLP
Times Square Tower, 33rd Floor
7 Times Square
New York, New York  10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
E-mail: ametlitsky@omm.com

. . .

## **CERTIFICATE OF SERVICE**

     I, Will Bardwell, hereby certify that, contemporaneous with its filings, a true and correct copy of the foregoing *Response in Opposition to Motion to Dismiss* was served on all counsel of record via the Court's electronic filing system. SO CERTIFIED this Fourteenth day of October 2021.

                                                            /s/ *Will Bardwell*
                                                          William B. Bardwell
                                                          Counsel for the Plaintiffs